Filed
D.C. Superior Court
01/05/2021 09:49AM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **HDI GLOBAL SPECIALTY SE (formerly** ) <br> **known as INTERNATIONAL INSURANCE** ) <br> **COMPANY OF HANNOVER SE)** ) <br> **Podbielskistrasse 396** ) <br> **30659 Hannover** ) <br> **Germany** ) <br> ) <br>     **as subrogee of** ) <br> ) <br> **HOLISTIC REMEDIES LLC** ) <br> **300 Massachusetts Avenue, N.E.** ) <br> **Washington, DC 20002** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **HYDROFARM, LLC D/B/A** ) <br> **HYDROFARM EAST** ) <br> **270 Canal Road** ) <br> **Fairless Hills, PA 19030** ) <br> ) <br> **And** ) <br> ) <br> **HYDROFARM, LLC D/B/A** ) <br> **PARSOURCE LIGHTING SOLUTIONS** ) <br> **2249 S. McDowell Ext.** ) <br> **Petaluma, CA 94954** ) <br> ) <br>     **Defendants.** ) | Case No.:  2021 CA 000025 B |

## <u>COMPLAINT</u>

Plaintiff HDI Global Specialty SE (formerly known as International Insurance Company of Hannover SE), as subrogee of Holistic Remedies LLC, submits its Complaint against Defendants Hydrofarm, LLC d/b/a Hydrofarm East, and Hydrofarm, LLC d/b/a PARsource Lighting Solutions for strict liability, negligence and breach of warranty.

## INTRODUCTION

1.      Holistic Remedies LLC is a medicinal cannabis cultivator, processor and manufacturer, with operations in Washington D.C. In October 2018, Holistic Remedies LLC ordered pumps from PARsource Lighting Solutions to utilize in distributing water to marijuana plants. PARsource Lighting Solutions did not send the pumps ordered, but instead sent 20 Active Aqua 400 GBH submersible pumps (a/k/a ActiveAqua AAPW400 pumps) (the "pump(s)") designed, manufactured, assembled, marketed, distributed, supplied, warranted, and/or sold by Hyrdofarm, LLC d/b/a Hydrofarm East. Holistic Remedies utilized the pumps to distribute water to marijuana plants. Several days before January 5, 2019, Holistic Remedies installed one of the pumps in a tank in the water room that distributed water through pipes to marijuana plants. On January 5, 2019, while one of the pumps was being used in a water tank to distribute water through pipes to marijuana plants, the pump failed and overheated, resulting in an extensive fire.

### Parties

2.      Plaintiff HDI Global Specialty SE (formerly known as International Insurance Company of Hannover SE) ("Plaintiff"), as subrogee of Holistic Remedies LLC, is a German company that issues policies of insurance in Washington, D.C., with its principal place of business at Podbielskistrasse 396, 30659 Hannover, Germany.

3.      Holistic Remedies LLC ("Holistic Remedies") is a medicinal cannabis cultivator, processor and manufacturer, and is a Washington, D.C. company its principal place of business at 1840 Fenwick Street, NE, Washington D.C. 20002, where Holistic Remedies LLC is a tenant. Plaintiff insured Holistic Remedies.

4.      Defendant Hydrofarm, LLC (formerly Hydrofarm, Inc.) d/b/a Hydrofarm East ("Hydrofarm") is a Pennsylvania company with a principal place of business at 270 Canal Road,

2

Fairless Hills, PA 19030. Hydrofarm regularly and systematically conducts business in Washington, D.C.

5.      Defendant Hydrofarm, LLC (formerly Hydrofarm, Inc.) d/b/a PARsource Lighting Solution ("PARsource") is a California company with its principal place of business at 2249 S. McDowell Ext., Petaluma, CA 94954. PARsource regularly and systematically conducts business in Washington, D.C.

6.      During all relevant periods, Hydrofarm and PARsource acted by and through their officers, directors, workers, contractors, employees, predecessors, successors, principals, subsidiaries, divisions, parent companies, sister companies, licensees, licensors, franchisees, franchisors, sales force, or other agents and are therefore liable under the doctrines of successor liability, respondeat superior, vicarious liability or agency law.

7.      During all relevant periods, Hydrofarm and PARsource were doing business in the District of Columbia.

**Jurisdiction and Venue**

8.      This Court has jurisdiction over the subject matter of this Complaint pursuant to, *inter alia*, D.C. Code §11-921(a)(6), under which this Court has jurisdiction over "any civil action or other matter, at law or in equity, brought in the District of Columbia."

9.      Venue is proper in this Court because Hydrofarm and PARsource regularly and systematically conduct business in Washington, D.C., and all or a substantial part of the events, acts or omissions giving rise to Plaintiff's causes of action and claims for relief occurred in the District of Columbia.

**Additional Factual Allegations**

10.     In October 2018, Holistic Remedies ordered pumps from PARsource to utilize in

1140266v.1

distributing water to medical marijuana plants that Holistic Remedies was cultivating, processing and manufacturing.

11.     PARsource did not send the pumps Holistic Remedies ordered, but instead sent 20 Active Aqua 400 GBH submersible pumps (a/k/a ActiveAqua AAPW400 pumps) designed, manufactured, assembled, marketed, distributed, supplied, warranted, and/or sold by Hyrdofarm.

12.     Needing pumps, Holistic Remedies utilized these pumps to distribute water to the marijuana plants.

13.     Several days before January 5, 2019, Holistic Remedies installed one of the pumps in a tank in the water room that distributed water through pipes to marijuana plants.

14.     On January 5, 2019, while the pump was being used in a water tank to distribute water through pipes to marijuana plants, the pump failed and overheated, resulting in an extensive fire.

15.     The box containing the pumps and the on-line instruction manual for the pumps did not warn of any potential fire hazard from the pump.

16.     The documentation PARsource provided with the pumps did not warn of any potential fire hazard from the pumps.

17.     During January 5, 2019, Plaintiff insured the property of Holistic Remedies under a policy of insurance that included coverage for damages sustained as a result of the fire that occurred on January 5, 2019.

18.     As a result of the January 5, 2019 fire, Holistic Remedies submitted a claim to Plaintiff and was paid, or will be paid, in an amount in excess of $1,500,000 for the damages sustained.

19.     Pursuant to Plaintiff's policy providing coverage to Holistic Remedies, the

1140266v.1

payments made, and the law of the District of Columbia, Plaintiff became subrogated to the claims Holistic Remedies has against Hydrofarm and PARsource and any other parties responsible for the damages incurred in connection with the January 5, 2019 fire.

## CAUSES OF ACTION

### Count I
### Strict Liability

20.     Plaintiff repeats and incorporates by reference paragraphs 1-19, above, as if fully alleged herein.

21.     During all relevant periods, Hydrofarm and PARsource designed, manufactured, assembled, marketed, distributed, supplied, warranted, and/or sold Active Aqua 400 GBH submersible pumps (a/k/a ActiveAqua AAPW400 pumps), including but not limited to the pump that failed and overheated and caused the January 5, 2019 fire.

22.     During all relevant periods, Hydrofarm and PARsource were in the business of designing, manufacturing, assembling, marketing, distributing, supplying, warranting, and/or selling submersible pumps in Washington, D.C.

23.     At the time the pump that failed and overheated and caused the January 5, 2019 fire was distributed, sold and/or placed into the stream of commerce by Hydrofarm and PARsource, it was in a defective condition, unreasonably dangerous to the ultimate user or consumer and/or property including Holistic Remedies.

24.     Hydrofarm and PARsource owed a duty to all users of their products to engineer all of their products, including the pump that failed and overheated and caused the January 5, 2019 fire, to be reasonably safe and non-defective.

25.     Hydrofarm and PARsource breached this duty by designing, manufacturing, assembling, marketing, distributing, supplying, warranting, and/or selling a defective product.

26.     The pump that failed and overheated and caused the January 5, 2019 fire was at all times relevant hereto in a defective and unreasonably dangerous condition, for reasons that include but are not limited to:

a.     The pump presented an unreasonably dangerous risk that it would cause a fire while in use;

b.     The materials and the design of the pump were insufficient or inadequate to prevent the pump from causing a fire while in use;

c.     The pump failed to incorporate a safer design and/or other guards or devices to minimize the risk of failure;

d.     The pump was not properly inspected or tested in order to identify and correct any defective or unreasonably dangerous conditions discovered;

e.     The pump failed to warn users and others about the dangers associated with the product;

f.     The pump was designed in such a manner that it presented an unnecessary fire hazard risk;

g.     The pump failed to have safety measures to prevent a fire during normal and foreseeable use of the product;

h.     The pump failed to comply with applicable government and industry statutes, regulations, standards and/or guidelines;

i.     The pump failed to incorporate safety features to prevent the pump from overheating and causing a fire;

j.     The materials for the pump and its components were not sufficient to withstand overheating;

k.     The pump contained manufacturing and/or assembly defects which made it malfunction and fail;

l.     The pump was improperly assembled during the manufacturing process;

m.     The pump was unsafe for its intended and foreseeable use;

n.   The pump failed to include a thermal cut off feature to de-energize at a specific temperature to prevent overheating;

o.   The pump failed include a thermal cut off feature that would not fail;

p.   The pump failed to include a secondary back-up thermal cut off feature and/or a resettable thermal cut off feature;

q.   The materials and design of the pump created an unreasonably dangerous fire hazard risk; and

r.   The information and/or warnings provided with the pump were inadequate, confusing and defective in that they failed to provide proper instructions and/or warnings regarding the pump, its component parts, the installation and performance.

27.   The defect(s) in the pump proximately caused Holistic Remedies', and accordingly, Plaintiff's, damages.

28.   At the time of the fire, the pump was in substantially the same condition as it was in at the time it was designed, assembled, manufactured, distributed and/or sold by Hydrofarm and PARsource.

29.   The pump was defective and unreasonably dangerous because, when used in an intended or foreseeable manner, it presented an unknowable and unacceptable danger to the average or ordinary consumer.

30.   The pump was defective and unreasonably dangerous because it did not perform as safely as an ordinary consumer would have expected.

31.   The pump was defective and unreasonably dangerous because a reasonable person would conclude the probability and seriousness of harm caused by the pump outweighs the burden and costs of taking precautions against the harm.

32.   By designing, manufacturing, assembling, distributing and/or selling a pump in a defective condition, unreasonably dangerous to the ultimate user or consumer or his property,

7

including Holistic Remedies, Hydrofarm and PARsource are strictly liable for the damages sustained by Holistic Remedies, and accordingly, Plaintiff.

33.     The fire and Holistic Remedies', and accordingly, Plaintiff's, damages were proximately caused by the aforementioned defective and unreasonably dangerous conditions.

34.     The pump and/or its component parts malfunctioned as defined by Washington, D.C. law; that is, there is circumstantial evidence that the product had a defect, and even if the defect cannot be identified, the circumstantial evidence eliminates abnormal use and/or reasonable, secondary causes, and such defects existed at the time the product left Hydrofarm and PARsource's control.

WHEREFORE, Plaintiff demands judgment in its favor and against Hydrofarm and PARsource in an amount in excess of $1,500,000 plus interest, costs and such other and further relief as this Court deems proper.

## Count II
### (In the Alternative) Negligence

35.     Plaintiff repeats and incorporates by reference paragraphs 1-34, above, as if fully alleged herein.

36.     During all relevant periods, Hydrofarm and PARsource had a duty to adopt a reasonably safe design for the pump.

37.     During all relevant periods, Hydrofarm and PARsource failed to exercise ordinary care, in their actions and omissions.

38.     The design of the pump created an unreasonable danger, as it was dangerous to an extent beyond that which would be contemplated by the ordinary buyer and/or user.

8

39.     The January 5, 2019 fire was caused by the negligence, gross negligence, recklessness and carelessness of Hydrofarm and PARsource, in each of the following ways:

a.     Designing, manufacturing, supplying and/or selling a defective and unreasonably dangerous product;

b.     The pump presented an unreasonably dangerous risk that it would cause a fire while in use;

c.     The materials and the design of the pump were insufficient or inadequate to prevent the pump from causing a fire while in use;

d.     The pump failed to incorporate a safer design and/or other guards or devices to minimize the risk of failure;

e.     The pump was not properly inspected or tested in order to identify and correct any defective or unreasonably dangerous conditions discovered;

f.     The pump failed to warn users and others about the dangers associated with the product;

g.     The pump was designed in such a manner that it presented an unnecessary fire hazard risk;

h.     The pump failed to have safety measures to prevent a fire during normal and foreseeable use of the product;

i.     The pump failed to comply with applicable government and industry statutes, regulations, standards and/or guidelines;

j.     The pump failed to incorporate safety features to prevent the pump from overheating and causing a fire;

k.     The materials for the pump and its components were not sufficient to withstand overheating;

l.     The pump contained manufacturing and/or assembly defects which made it malfunction and fail;

m.     The pump was improperly assembled during the manufacturing process;

n.     The pump was unsafe for its intended and foreseeable use;

o.     The pump failed to include a thermal cut off feature to de-energize at a specific temperature to prevent overheating;

9

p.     The pump failed include a thermal cut off feature that would not fail;

q.     The pump failed to include a secondary back-up thermal cut off feature and/or a resettable thermal cut off feature;

r.     The materials and design of the pump created an unreasonably dangerous fire hazard risk;

s.     The information and/or warnings provided with the pump were inadequate, confusing and defective in that they failed to provide proper instructions and/or warnings regarding the pump, its component parts, the installation and performance;

t.     Res ipsa loquitur; and

u.     Being otherwise negligent as discovery may reveal.

40.     As a result of Hydrofarm and PARsource's negligence, gross negligence, recklessness and carelessness, the pump failed and caused a fire, which damaged Holistic Remedies' property and proximately caused Holistic Remedies', and accordingly, Plaintiff's, damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Hydrofarm and PARsource's in an amount in excess of $1,500,000 plus interest, costs and such other and further relief as this Court deems proper.

**Count III**
**(In the Alternative) Breach of Warranty**

41.     Plaintiff repeats and incorporates by reference paragraphs 1-40, above, as if fully alleged herein.

42.     Hydrofarm and PARsource knew or had reason to know of the intended use of the pump and its component parts and impliedly warranted the pump and its component parts were fit for use by a consumer and that the pump was not defective, that it was of merchantable quality, free from defects in design and manufacture, and was fit for use as a submersible pump.

10

1140266v.1

43.     The pump designed, manufactured, sold and/or distributed by Hydrofarm and PARsource was defective and unsafe for its intended use and purpose.

44.     Hydrofarm and PARsource breached the implied warranty of merchantability by selling a pump which was defective and unreasonably dangerous and was reasonably likely to malfunction and cause a fire making the pump not merchantable for its ordinary and intended purpose.

45.     As a result of the breach of the implied warranty of merchantability, the pump caused a fire resulting in damages to Holistic Remedies' property and proximately causing Holistic Remedies', and accordingly, Plaintiff's, damages.

35.     At the time the sale and/or distribution of the pump, Hydrofarm and PARsource knew the pump would be used by consumers and that consumers would be relying on Hydrofarm and PARsource to provide a pump that could be safely operated and not cause a fire.

36.     By designing, manufacturing, and/or selling a pump that presented an unreasonably dangerous fire hazard risk, Hydrofarm and PARsource breached the implied warranty of fitness for a particular purpose and caused the damages alleged herein.

WHEREFORE, Plaintiff demands judgment in its favor and against Hydrofarm and PARsource in an amount in excess of $1,500,000 plus interest, costs and such other and further relief as this Court deems proper.

## Jury Demand

Plaintiff demands a jury trial on all issues triable of right to a jury.

Dated:  January 5, 2021                    Respectfully submitted,

                                        **WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP**

11

1140266v.1



David M. Ross (DC Bar # 461733)
Kevin P. Farrell (DC Bar # 492142)
1500 K. Street, N.W., Suite 330
Washington, DC 20005
Telephone:  (202) 626-7660
Facsimile:  (202) 628-3606
david.ross@wilsonelser.com
kevin.farrell@wilsonelser.com

*Counsel for Plaintiff*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

HDI Global Specialty SE

_____
Plaintiff

vs.

Hydrofarm, LLC d/b/a/ Hydrofarm East

Case Number    2021 CA 000025 B

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David M. Ross
_____
Name of Plaintiff's Attorney

1500 K. Street, NW, Suite 330, Washington, DC 20005
_____
Address

202-626-7660
_____
Telephone

如需翻译,请打电话 (202) 879-4828

Clerk of the Court

By _____
Deputy Clerk

Date    01/05/2021

Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오    የאማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

---

_____
                                    Demandante

           contra
                                                        Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                       Subsecretario

_____
                                                       Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 연락하십시오      የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

HDI Global Specialty SE

_____
                                                    Plaintiff

vs.

Hydrofarm, LLC d/b/a/ PARsource Lighting Solutions          Case Number   2021 CA 000025 B

_____
                                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David M. Ross
_____
Name of Plaintiff's Attorney

1500 K. Street, NW, Suite 330, Washington, DC 20005
_____
Address

202-626-7660
_____
Telephone

                                                    _Clerk of the Court_

By _____
                                                    Deputy Clerk

Date   01/05/2021

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주세요        ยาพำกፍ ትርጉም ለማግኘት (202) 879-4828   ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

---------------------------------------------------------------------
                                                    Demandante
          contra

                                                                        Número de Caso: _____

---------------------------------------------------------------------
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                          Por: _____

_____
Dirección                                                          Subsecretario

_____

                                          Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 통역을 원하시면 (202) 879-4828 로 전화 하십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                            Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

HDI Global Specialty SE

Case Number: 2021 CA 000025 B

vs

Hydrofarm, LLC d/b/a Hydrofarm East & PARsource Lighting Solutions

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)*  David M. Ross | Relationship to Lawsuit |
|---|---|
| Firm Name:  Wilson Elser Moskowitz Edelman & Dicker LLP | ☒ Attorney for Plaintiff |
| Telephone No.:              Six digit Unified Bar No.:  202-626-7660                       461733 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury      ☒ 6 Person Jury          ☐ 12 Person Jury
Demand: $ $1,500,000 _____          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: 2020 CA 004963 B _____      Judge: __Pan_____      Calendar #:_____

Case No.:_____      Judge: _____      Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |      Over $25,000 Pltf. Grants Consent |      Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |      Under $25,000 Pltf. Grants Consent |      Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| |      Award (Collection Cases Only) | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander |      Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud |      Not Malpractice) | ☐ 23 Tobacco |
| | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
- ☒ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
   Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

- ☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

January 5, 2021

_____
Date



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

HDI GLOBAL SPECIALTY SE
   Vs.                                    C.A. No.       2021 CA 000025 B
HYDROFARM, LLC et al

## INITIAL ORDER AND ADDENDUM

     Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

     (1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

     (2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

     (3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

     (4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

     (5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

     (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                      Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:       January 5, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, April 09, 2021
Location:   Courtroom 318
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.   The early mediation schedule shall be included in the Scheduling Order following the ISSC.   Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.   To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.   One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.   Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.   All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.   D.C. Code § 16-2823(a).   If the parties cannot agree on a mediator, the Court will appoint one.   D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> • *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4: (Ipad/SMART PHONE/TABLET):**

- • Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- • Sign into the App with your Name and Email Address
- • Select Join Meeting
- • Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- • Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- • seen). If you only need to speak and do not need to be seen, use the audio only option.
- • When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|---|
| | 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| | 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| | 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| | 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| | 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| | JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| | A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| | B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| | B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| | B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| | B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |